# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7993 | DATE | 4/7/2004 |
| CASE TITLE | Williams vs. Precision Recovery, Inc. et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 5/20/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, Americredit Financial Services, Inc.'s Rule 12(b)(6) motion to dismiss Counts IV and V of Williams' complaint is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MF  courtroom deputy's initials | 2004 APR -7 PM 12:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELVA C. WILLIAMS,                               ) | |
|       Plaintiff,                                           ) | |
|       v.                                                      ) | No. 03 C 7993 |
| PRECISION RECOVERY, INC. and                ) | Judge John W. Darrah |
| AMERICREDIT FINANCIAL SERVICES, INC., ) | |
|       Defendants.                                        ) | |
| AMERICREDIT FINANCIAL SERVICES, INC., ) | |
|       Counter-Plaintiff,                               ) | |
|       v.                                                      ) | |
| SHELVA C. WILLIAMS,                               ) | |
|       Counter-Defendant.                            ) | |
| AMERICREDIT FINANCIAL SERVICES, INC., ) | |
|       Cross-Plaintiff,                                   ) | |
|       v.                                                      ) | |
| PRECISION RECOVERY, INC.,                   ) | |
|       Cross-Defendant.                                ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shelva C. Williams, filed suit against Defendants, AmeriCredit Financial Services and Precision Recovery, Inc., alleging violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act

16

("ICFA"), 810 ILCS 5/9-609, and for trespass. Williams also seeks redress against AmeriCredit for violating the Illinois Commercial Code ("ICC"), 815 ILCS 5/9-101, *et seq.*, and ICFA. Subsequently, AmeriCredit filed a Counterclaim against Williams, alleging AmeriCredit had a superior right, title and interest in the vehicle and that Williams breached her contract with AmeriCredit. Presently pending before the Court is AmeriCredit's Motion to Dismiss Counts IV and V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

## BACKGROUND

A reading of the Plaintiff's Complaint and Defendant/Counter-Plaintiff's Counter-Claim supports the following summary of the alleged operative conduct of the parties.

On or about February 7, 1998, Williams purchased a used 1997 Oldsmobile Cutlass from New Rogers Pontiac, Inc. in Chicago, Illinois. After executing the Retail Installment Contract, New Rogers Pontiac assigned the Retail Installment Contract to AmeriCredit Financial Services. The contract required Williams to tender AmeriCredit $394.72 a month. Williams failed to make required monthly payments to AmeriCredit and was in default under the Contract in the sum of $3,792.41, plus interest. On March 27, 1998, the State of Illinois issued AmeriCredit a Certificate of Title for the vehicle.

Prior to April 30, 2003, Williams entered into an agreement with an AmeriCredit agent that she would wire money to AmeriCredit to avoid the repossession of her vehicle. Williams wired the money to AmeriCredit; but on April 30, 2003, AmeriCredit had Precision Recovery repossess the vehicle. In the early morning hours of April 30, 2003, an employee of Precision Recovery jumped over Williams' fence and forced open a locked garage, damaging the garage door. The Precision Recovery employee then drove off with Williams' vehicle, including personal property contained within the vehicle. In addition, several items from Williams' garage were stolen.

On May 2, 2003, AmeriCredit sent Williams a Notice of Right to Redeem or Reinstate, which stated that Williams should contact AmeriCredit to learn the identity of its agent in order to recover her personal property. Williams also received a Notice of Plan to Sell Property, as well as an Affidavit of Defense form. Williams contacted AmeriCredit, and AmeriCredit provided her with Precision Recovery's contact information. Williams never served AmeriCredit with an Affidavit of

3

Defense and never notified AmeriCredit of any claims or defenses that she had to the vehicle's repossession. On June 3, 2003, AmeriCredit sold the vehicle. After applying the sales proceeds from the vehicle and all appropriate cost and charges to Williams' account, there remains a balance owed of $3,792.41.

## ANALYSIS

Count IV of Williams' Complaint alleges that AmeriCredit violated the Illinois Commercial Code, by its agent's, Precision Recovery's, breach of the peace. Count V of the Complaint alleges that AmeriCredit committed an unfair and deceptive practice in violation of 815 ILCS 505/2 when AmeriCredit required Williams to wire money but failed to cancel the repossession. In its Motion to Dismiss, AmeriCredit contends, as to Count IV, that AmeriCredit had an absolute right to repossess the vehicle based on the non-payment required by its contract with Williams and that Williams' assertion that Precision is AmeriCredit's agent is "baseless." Furthermore, AmeriCredit contends Williams cannot allege any factual or legal premise to maintain a claim against AmeriCredit for a "mythical" violation of the ICFA, as pled in Count IV. Therefore, AmeriCredit asserts that Counts IV and V of the Complaint should be dismissed for failure to state claims for which relief can be granted.

In Count IV, Williams pleads that Precision was AmeriCredit's agent. Williams also alleges that "[a]fter the recovery of the vehicle, Plaintiff received a notice from AmeriCredit stating to contact it to learn the identity of its agent to recover her personal property." Williams has sufficiently pled an agency relationship as to its ICC claim.

AmeriCredit next argues Count IV should be dismissed because Williams cannot maintain a *prima facie* cause of action for wrongful repossession. AmeriCredit cites *Valentino v. Glendale*

4

*Nissan, Inc.,* 740 N.E.2d 538 (Ill. App.2nd Dist. 2000) in support of its position that, because AmeriCredit had superior title, it had the right to repossess the vehicle.

However, Williams alleges that AmeriCredit violated Section 9.609(b)(2) of the ICC, which provides a secured party may proceed in taking possession of the collateral "without judicial process, if it proceeds without breach of the peace." Williams pleads that AmeriCredit violated the Act when its agent breached the peace to repossess the vehicle. Accordingly, Williams has sufficiently pled a violation of the ICC.

Next, AmeriCredit argues that Count V should be dismissed because Williams has failed to allege any specific allegations as to misrepresentations made to Williams by AmeriCredit and that any such representation was made with the intent that she would rely on it.

There are three elements of an ICFA claim: (1) a deceptive act or practice, (2) intent on defendant's part that plaintiff rely on the deception, and (3) the deception occurred in the course of conduct involving trade or commerce. *Recreation Services Inc., v. Odyssey Fun World, Inc.,* 952 F. Supp. 594, 596 (N.D. Ill. 1997). Here, Williams alleges that AmeriCredit received payment by agreeing to cancel the repossession when it had no intention to do so and that AmeriCredit intended for Williams to rely on its deception. Further, Williams alleges that AmeriCredit's unfair practice caused Williams to make a payment that she would not have made.

Based on the above, Williams has sufficiently pled a claim under the ICFA.

## CONCLUSION

For the foregoing reasons, AmeriCredit Financial Services, Inc.'s Rule 12(b)(6) Motion to Dismiss Counts IV and V of Williams' Complaint is denied.

Dated: April 7, 2004

JOHN W. DARRAH
United States District Judge